UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE TEAMSTERS LOCAL 819 PENSION FUND
and THE BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 819 PENSION FUND,

ECF

                  Plaintiffs,             **COMPLAINT**

    - against -                    1:19-CV-09592

RGM LEASING CORP.,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiffs, the Teamsters Local 819 Pension Fund (the "Fund") and the Board of Trustees of the Teamsters Local 819 Pension Fund (the "Trustees"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

    1.    This action is brought by the Trustees in their capacities as fiduciaries of the Fund against RGM Leasing Corp. ("RGM") a former participating employer which owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

    2.    The jurisdiction of this court is invoked pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

3. As the Fund is administered at 60 Broad Street, New York, New York, which is within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. The Fund is an "employee pension benefit plan," an "employee benefit plan" and a "multiemployer plans" as those terms are defined by Sections 3(2), 3(3) and 3(37), respectively, of ERISA, 29 U.S.C. §§ 1002(2), 1002(3) and 1002(37). The Funds are administered at 60 Broad Street, New York, New York.

5. The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as that term is defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. RGM was, at all times material hereto, an "employer," as that term is defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 90 New York Avenue, Westbury, New York.

## RELEVANT FACTS

7. On or about May 20, 2019, RGM permanently ceased to have an obligation to make contributions to the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, RGM incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

8. The Trustees requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by RGM to the Fund. The Fund's actuary initially estimated RGM's withdrawal liability, based on the Fund's actuarial valuation as of December 31, 2017, to be $48,806.

9. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and, by letter dated June 3, 2019, which was sent via certified mail, return receipt requested and signed for by RGM, the Fund notified RGM that estimated withdrawal liability was due to the Fund in the amount of $48,806, advised that a finalized withdrawal liability calculation would be provided upon completion of the Fund's actuarial valuation as of December 31, 2018 and demanded payment of withdrawal liability in quarterly payments of $2,400 each, beginning August 1, 2019.

10. Notwithstanding the foregoing, RGM failed to remit its first quarterly payment by August 1, 2019.

11. By letter dated August 5, 2019, which was sent via certified mail, return receipt requested and signed for by RGM, the Fund advised RGM that:

    a. its first quarterly withdrawal liability installment payment in the amount of $2,400 payable August 1, 2019 was past due;

    b. the company was in default under Section 4219(c)(5) of ERISA; and

    c. if the company failed to cure its default within 60 days of the letter, RGM would become liable for the entire amount of the unpaid withdrawal liability.

12. Once again, RGM failed to remit payment to the Fund.

13. By letter dated August 15, 2019, which was sent via certified mail, return receipt requested and signed for by RGM, the Fund notified RGM of its final calculation of withdrawal

3

liability in the amount of $59,478 and made demand, once again, for payment of the withdrawal liability in quarterly installments of $2,400.

14. Notwithstanding the foregoing, RGM failed to remit the first quarterly payment of withdrawal liability.

15. By letter dated September 9, 2019, Defendant, by its counsel, requested "all documentation" upon which RGM's withdrawal liability was based, as well as "all relevant documents, including but not limited to contracts (CBA), notice letters, termination letters and all documents relating to [the Fund's] withdrawal liability figures."

16. In response, by letter dated September 24, 2019, Fund counsel advised Defendant's counsel that the withdrawal liability was determined on the basis of the Fund's records concerning RGM's contribution history and amounts reported on page 13 of the Fund's Annual Valuation At December 31, 2018 (the "Valuation"). Enclosed with the letter for counsel's review were a spreadsheet indicating the contributions received from RGM during the period of January 1, 2009 through December 31, 2018 and a copy of the Valuation.

17. In the letter, Fund counsel further advised that, in the event RGM failed to remit its first quarterly absence of payment by October 1, 2019, the company would be deemed to be in default, thereby allowing the Fund to demand payment of the full withdrawal liability.

18. Defendant has failed to remit its first quarterly installment payment of withdrawal liability.

19. Defendant has requested review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

20.     Defendant has not initiated arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

21.     Defendant failed to make the initial quarterly withdrawal liability payment, due August 1, 2019.

22.     Defendant failed to cure the foregoing default by remitting payment of the initial quarterly withdrawal liability payment on or before October 1, 2019.

23.     As a result of its failure to cure its default, Defendant is now liable to the Fund for the full amount of its withdrawal liability, to wit, $59,478.

## AS AND FOR A FIRST CAUSE OF ACTION

24.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 as if set forth fully herein.

25.     Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), as a result of its default, RGM is now obligated to pay the Fund the entire amount of its withdrawal liability, to wit, $59,478.

26.     Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), RGM is also liable to the Fund for interest on the foregoing amount, liquidated damages, the costs of collection and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against the Defendant, awarding the Fund:

(a)     unpaid withdrawal liability in the amount of $59,478, as provided by ERISA Section 502(g)(2)(A), 29 U.S.C.§ 1132(g)(2)(A);

(b)   interest on the unpaid withdrawal liability from the date payment was due through the date payment is made, as provided by ERISA Section 502(g)(2)(B), 29 U.S.C.§ 1132(g)(2)(B);

(c)   liquidated damages equal to the greater of (i) 20% of the amount of withdrawal liability due or (ii) the amount of interest due, as provided by ERISA Section 502(g)(2)(C), 29 U.S.C.§ 1132(g)(2)(C);

(d)   reasonable attorneys' fees and the costs of this action, as provided by ERISA Section 502(g)(2)(D), 29 U.S.C.§ 1132(g)(2)(D); and

(e)   such other and further relief as the Court deems appropriate.

Dated: New York, New York
       October 17, 2019

                                                CARY KANE LLP

                                                /s/
                                            By: Owen M. Rumelt
                                            *Attorneys for Plaintiffs*
                                            1350 Broadway, Suite 1400
                                            New York, New York  10018
                                            (212) 868-6300